IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JUAN LUIS YEFFERSON,  :  <br>    Petitioner  :  <br>                    :  <br>      v.                :  <br>                      :  <br>WARDEN WERTMAN,  :  <br>    Respondent  : | No. 1:23-cv-00433  <br><br>(Judge Kane) |

**MEMORANDUM**

Pending before the Court is pro se Petitioner Juan Luis Yefferson ("Petitioner")'s petition for a writ of habeas corpus filed pursuant to the provisions of 28 U.S.C. § 2241 ("Section 2241"). (Doc. No. 1.) For the reasons set forth below, the petition will be dismissed without prejudice as moot.

**I.   BACKGROUND**

Petitioner is currently serving an eighty-four (84) month term of imprisonment imposed by the United States District Court for the Middle District of Florida for conspiracy to distribute and possession with intent to distribute cocaine while aboard a vessel subject to the jurisdiction of the United States. (Doc. No. 8-2 at 2, ¶ 3.) He entered the custody of the Federal Bureau of Prisons ("BOP") on March 14, 2022 (Doc. No. 8-3 at 3), and his projected release date, via good conduct time, is April 13, 2027 (Doc. No. 8-2 at 2, ¶ 3).

On March 10, 2023, while Petitioner was incarcerated at Federal Correctional Institution Allenwood Medium in White Deer, Pennsylvania, he commenced the above-captioned action by filing a Section 2241 petition. (Doc. No. 1.) In his petition, he requests that the Court order the BOP to apply his earned time credits under the First Step Act ("FSA") of 2018 because he was incorrectly deemed ineligible. (Id.)

On June 1, 2023, the Court, inter alia, deemed the petition filed, directed service of the petition on Respondent, and instructed Respondent to file a response to the allegations contained in the petition within twenty (20) days.  (Doc. No. 5.)  On June 20, 2023, Respondent filed a response to the petition and suggestion of mootness, acknowledging that Petitioner was incorrectly categorized as ineligible for earned time credits under the FSA and that, as a result, his earned time credits would be applied at the next auto-collection.  (Doc. No. 8.)

Thus, on June 21, 2023, the Court issued an Order, directing Petitioner to file a response to Respondent's suggestion of mootness on or before July 12, 2023.  (Doc. No. 9.)  Petitioner filed his response on July 3, 2023, asserting that, "although Respondent has responded by saying that the [BOP] will apply time credits, [Petitioner] does not believe [R]espondent due to past experience[.]"  (Doc. No. 10.)  Thereafter, on July 6, 2023, Respondent filed a supplement to his response and suggestion of mootness, as well as additional documentation, explaining that Petitioner's FSA credit assessment shows that, as of July 2, 2023, the BOP has applied one-hundred and ninety-five (195) days towards his release, thus changing his projected release date from April 13, 2027, to September 30, 2026.  (Doc. Nos. 11; 11-2 at 2, ¶ 3 (recognizing that Petitioner "was previously incorrectly categorized as ineligible for earned time credits under the [FSA]" and that "[h]e has since been correctly categorized as 'eligible'" and that his earned time credits "have been calculated and applied").)

As such, Petitioner's Section 2241 petition, which has been fully briefed by the parties, is ripe for the Court's resolution.  For the reasons discussed below, the petition will be dismissed without prejudice as moot.

## II.     DISCUSSION

"Article III of the [United States] Constitution limits federal 'judicial Power' to the adjudication of 'Cases' or 'Controversies.'" Abreu v. Superintendent Smithfield SCI, 971 F.3d 403, 406 (3d Cir. 2020) (quoting Toll Bros., Inc. v. Twp. of Readington, 555 F.3d 131, 137 (3d Cir. 2009) (quoting U.S. Const. art. III, § 2)).  In order "[f]or a case or controversy to exist, a petitioner, throughout each stage of the litigation, 'must have suffered, or be threatened with, an actual injury traceable to the [respondent] and likely to be redressed by a favorable judicial decision.'"  See id. (quoting DeFoy v. McCullough, 393 F.3d 439, 442 (3d Cir. 2005) (quoting Lewis v. Cont'l Bank Corp., 494 U.S. 472, 477 (1990)); United States v. Juv. Male, 564 U.S. 932, 936 (2011) (setting forth this same principle).

Here, Petitioner seeks an award of earned time credits under the FSA.  (Doc. No. 1.)  Pursuant to that Act, earned time credits can be applied towards earlier placement in prerelease custody (such as residential re-entry centers and home confinement) or towards a term of supervised release.  See 18 U.S.C. § 3632(d)(4)(C) (stating that "[t]he Director of the [BOP] shall transfer eligible prisoners, as determined under section 3624(g), into prerelease custody or supervised release"); see also 18 U.S.C. § 3624(g)(2) (pertaining to prerelease custody); 18 U.S.C. § 3624(g)(3) (pertaining to supervised release).

The record demonstrates that, on July 2, 2023—after the instant Section 2241 petition was filed—the BOP conducted an FSA credit assessment and credited Petitioner with one-hundred and ninety-five (195) days of earned time credits towards early release.  (Doc. Nos. 11-2 at 2, ¶ 3; 11-3 at 4; 11-4 at 2.)  As a result, Petitioner's projected release date was changed from April 13, 2027, to September 30, 2026.  (Id.)

3

Thus, because Petitioner has been credited with his earned time credits under the FSA, he no longer has a concrete, redressable injury, and this Court lacks an opportunity to provide him with any meaningful relief in this habeas corpus action.  As a result, the Court concludes that his Section 2241 petition is moot.  See Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 698-99 (3d Cir. 1996) (stating that "[i]f developments occur during the course of adjudication that eliminate a [petitioner's] personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot").

### III.    CONCLUSION

Accordingly, for the foregoing reasons, Petitioner's Section 2241 petition will be dismissed without prejudice as moot.  (Doc. No. 1.)  An appropriate Order follows.

s/ Yvette Kane<br>
Yvette Kane, District Judge<br>
United States District Court<br>
Middle District of Pennsylvania